IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel H. Jones,<br>*aka or fka* Nathaniel Hampton, Nathaniel Jones,<br>or Nathaniel Hampton Jones,<br><br>                Plaintiff,<br><br>vs.<br><br>John Ozmit; Connie C. Taylor, Lt.; Annie Sellers, DHO;<br>Robin Chavis; Shanya McRae; Willie L. Eagleton,<br>Warden,<br><br>                Defendants. | ) C/A No. 0:11-419-JMC-PJG<br>)<br>)<br>)<br>)<br>)<br>) **ORDER AND**<br>) **REPORT AND**<br>) **RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>) |

The plaintiff, Nathaniel H. Jones, ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

Plaintiff filed a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. However, Plaintiff's request to proceed *in forma pauperis* should be denied, and Plaintiff's Complaint should be dismissed if he fails to timely pay the filing fee, and other monies owed. Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act, and he does not allege that he is under imminent danger of serious physical injury.

The "three strikes" rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it its frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three-strikes" rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee. However, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits where the full filing fee is paid at the time of filing. See Green v. Young, 454 F.3d 405, 407 (4th Cir. 2006).

Plaintiff is incarcerated at the Evans Correctional Institution of the South Carolina Department of Corrections. Plaintiff files this Section 1983 action challenging the decision of a disciplinary hearing officer ("DHO") at Evans Correctional Institution. He seeks damages for allegedly improper seizure of his property, and he asks that the property be returned.

Plaintiff is a frequent filer in the federal court system, and he previously has filed more than forty civil actions in this court. This court may take judicial notice[1] of the four

---

[1] See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F. 2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records); Mann v. Peoples First Nat'l Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

civil actions filed by the plaintiff in which a "strike" has been entered because the civil actions were dismissed as frivolous or malicious, or because they failed to state a claim upon which relief could be granted. See Nathaniel H. Jones v. State of South Carolina, et al., No. 2:98-561-GRA-RSC (D.S.C. March 4, 1998); Nathaniel H. Jones v. State of South Carolina, No. 2:01-69-GRA-RSC (D.S.C. June 4, 2001); Nathaniel H. Jones v. Dudley Saleeby, Jr., et al., No. 2:02-4223-GRA-RSC (D.S.C. March 25, 2003); Nathaniel H. Jones v. G. Ross Anderson, Jr., et al., No. 8:04-214-MBS-JRM (D.S.C. August 17, 2004).

In light of Plaintiff's prior "strikes," he cannot proceed with the instant Complaint unless his claim satisfies the exception for imminent physical harm provided by the "three-strikes" rule. See 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883 (5th Cir. 1998). This Complaint does not fit within this exception to proceed *in forma pauperis* as Plaintiff does not allege that he is in imminent danger of serious physical injury. Therefore, to proceed with this Complaint, Plaintiff must pay the full filing fee.

Additionally, due to the large number of filings submitted by the Plaintiff since 1994, he is under an order of pre-filing review. See Graham v. Riddle, 554 F.2d 133, 134-35 (4th Cir. 1977). On May 9, 1996, the Honorable Robert S. Carr, United States Magistrate Judge, filed a Report and Recommendation in Jones v. State of South Carolina, Civil Action No. 2:96-1366-13AJ, recommending that Plaintiff be placed under an order of pre-filing review because he had numerous frivolous habeas corpus petitions and civil rights cases in 1994, 1995, and 1996. The Honorable G. Ross Anderson, Jr., United States District Judge, accepted this recommendation by order filed June 19, 1996. Plaintiff did not appeal this order. Since Plaintiff is under an order of pre-filing review, a Civil Action Number has been assigned to this matter for docket control purposes only.

Plaintiff is also under a bar from filing any other civil actions until he has paid $508.92 in attorney's fees because of false averments he made in <u>Nathaniel Hampton Jones v. Florence Police Department</u>, Civil Action No. 4:96-809-13AJ. Further, he is required to pay $795.00 in attorney's fees because of false averments made in <u>Nathaniel Hampton Jones v. Florence Jail Administration</u>, Civil Action No. 2:96-929-13AJ. In the case *sub judice*, this court may also take judicial notice of Civil Action No. 2:96-1366-13AJ, No. 2:96-929-13AJ, and No. 4:96-809-13AJ.

### ORDER AND RECOMMENDATION

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is denied. It is further

**ORDERED** that Plaintiff shall have fourteen (14) days, calculated as described in the attached Notice, to pay the filing fee (currently $350) and the $1303.92 he owes in attorneys fees. <u>The Office of the Clerk of Court shall withhold entry of judgment until such time expires</u>. If Plaintiff fails to timely pay all monies due, it is

**RECOMMENDED** that the Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(g).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 1, 2011
Columbia, South Carolina

*The plaintiff's attention is directed to the important NOTICE on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).